# MEMO ENDORSED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 3/25/2015

## The Rosen Law Firm
### INVESTOR COUNSEL

Phillip Kim, Esq.
pkim@rosenlegal.com

March 24, 2015

BY FAX

> A pre-motion conference shall be held on Friday, April 10, 2015, at 11:00 am. Defendant is directed to submit a written response not longer than 3 pages by 5:00 pm Friday, April 3, 2015.
>
> The application is  ✓ granted.
>                     __ denied.
>
> _/s/ Edgardo Ramos_
> Edgardo Ramos, U.S.D.J.
> Dated: 3/25/15
> New York, New York 10007

Honorable Edgardo Ramos
United States District Judge
40 Foley Square
New York, NY 10007-1312
Fax: (212) 805-7943

Re:     *In re PetroChina Company Ltd. Sec. Litig.*, No. 13-CV-6180 (ER)

Your Honor:

We are lead counsel to Lead Plaintiffs in the above action. We write to request a pre-motion conference in connection with Lead Plaintiffs' request for leave to file a supplemental pleading pursuant to Fed. R. Civ. P. 15(d) to allege facts concerning: (a) the indictment of former PetroChina CEO and Chairman Defendant Jiang Jiemin by the Chinese government for corruption and bribery concerning the time he worked at PetroChina announced on March 19, 2015; (b) the indictment of former PetroChina General Manager Wang Yongchun by the Chinese government for corruption and bribery while Wang was employed at PetroChina announced on March 23, 2015; and (c) the announcement on March 17, 2015 from the Communist Party of China Central Commission of Discipline Inspection, that Liao Yongyuan, a PetroChina Vice Chairman and Director, is being investigated due to "suspected severe violation of laws and policies." Counsel for PetroChina opposes the relief requested herein.

While the Court previously allowed Plaintiffs to amend the complaint and expressed an interest that further amendments may not be warranted, here Plaintiffs are not seeking to amend. Plaintiffs are seeking to file a supplemental pleading to add these critical facts that bear directly on the arguments made by PetroChina in their motion to dismiss. Moreover, as explained below, Plaintiffs' proposed schedule will expeditiously and efficiently present PetroChina's motion to the Court.

Authorities

Rule 15(d) provides that the Court may "permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "Absent undue delay, bad faith, dilatory tactics, undue

prejudice to the party to be served with the proposed pleading, or futility, the motion should be freely granted." *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995). "[L]eave to file a supplemental pleading should be freely permitted when the supplemental facts connect it to the original pleading." *Id*

Supplemental Pleading is Material; Not Futile

Lead Plaintiffs allege that PetroChina's scienter is established through Defendant Jiang, who as PetroChina CEO and Chairman knowingly signed a false Sarbanes Oxley Act ("SOX") certification attesting that he had disclosed all fraud at PetroChina whether or not material, and that he disclosed all material internal control deficiencies at PetroChina. ¶¶4, 54-5. Defendants in their motion to dismiss argue, among other things, that Plaintiffs did not specifically allege the corruption Jiang was involved in and whether the corruption existed at the time the SOX certification was signed. Opp. at 13-15, 22. Defendant Jiang's indictment clearly establishes that Jiang was involved in bribery when he signed the SOX certification. The indictment provides:

> Defendant Jiang Jiemin took the advantages of his positions as deputy general manager, general manager, chairman and party secretary of China National Petroleum Corporation **and as vice chairman, chairman, president and other positions of PetroChina Company Limited to seek benefits for others, to obtain and illegally accept other people's properties with huge value;   his property value and spending were significantly more than his legitimate income, and he could not explain the huge difference and the source of income; his abuse of power has resulted in the heavy losses of the national interests, and he should be convicted for his criminal responsibilities due to his bribery, huge amount of property from unknown sources and the abuse of power as an employee of the state-owned company.**[1]

In short, when Defendant Jiang signed his SOX certification he was engaged in bribery and corruption at PetroChina which rendered his SOX certification false. *See, In re Nature's Sunshine Products Sec. Litig.*, 486 F.Supp.2d 1301, 1304-05 (D. Utah 2007) (holding SOX certification of CEO false and made with scienter based on allegation by audit firm that at the time, CEO approved a bribe). This is critical given that a knowingly false statement in a SOX certification is independently actionable. *See, e.g., Limantour v. Cray, Inc.*, 432 F. Supp. 2d 1129, 1159-60 (W.D. Wash. 2006); *see also In re MoneyGram Intern., Inc. Sec. Litig.*, 626 F. Supp. 2d 947, 974 (D. Minn. 2009) (fact that defendants left general ledger open allowing defendants to alter financial information supported claim that SOX certification was false); *In re Sadia, SA, Sec. Litig.*, 643 F. Supp. 2d 521, 532 (S.D.N.Y.2009)(alleging violation of internal hedging policy adequately alleged that SOX certifications were false); *City of Roseville Employees' Retirement System v. Horizon Lines, Inc.*, 686 F. Supp. 2d 404, 419 (D. Del. 2009) (SOX "is not directed solely at ensuring numerical accuracy and preventing dishonest accounting practices.").

---

1 The block quote is a translated entry from The Supreme People's Procuratorate of the People's Republic of China website announcing the indictment.

2

THE ROSEN LAW FIRM, P.A. ♦ 275 MADISON AVENUE, 34TH FLOOR ♦ NEW YORK, NY 10016 ♦ TEL: (212) 686-1060 ♦ FAX: (212) 202-3827

Additionally, the indictment of Wang (who is also mentioned in the Complaint (¶24)) bolsters Plaintiffs' allegations that the bribery and corruption at PetroChina was systemic and was essentially hidden in plain sight. Additionally, a public Chinese indictment for corruption and bribery such as the indictments of Wang and Defendant Jiemin, have a 99.9% conviction rate (between 2008-2013) according a report made to The Standing Committee of the National People's Congress on October 22, 2013.

The investigations continue to implicate additional PetroChina directors. On March 17, 2015, it was announced that PetroChina Vice Chairman and Director Liao was under investigation and resigned in connection with that investigation.

No Undue Delay; No Bad Faith; No Undue Prejudice

There is no undue delay or bad faith. Plaintiffs immediately raised the issue to defense counsel on March 20, 2015. Nor is there any undue prejudice to PetroChina, especially given the schedule and procedure Plaintiffs propose below.

Proposed Schedule

Plaintiffs propose the following schedule should the Court grant leave.

1. Plaintiffs file supplemental pleading within one week of order permitting leave;
2. 21 days after the filing of supplemental pleading, Defendants shall file a supplemental memorandum to their motion to dismiss, not to exceed five pages, addressing the supplemental pleading;
3. 21 days thereafter, Plaintiffs shall file their opposition to Defendant's motion to dismiss and Defendant's supplemental memorandum; and
4. 21 days thereafter, Defendants shall file their reply in further support of their motion to dismiss.

In this manner, the proverbial "clock is not reset" and the new facts are efficiently briefed.

Relief Requested

Plaintiffs respectfully request a pre-motion conference for their motion for leave to file a supplemental pleading. Plaintiffs also request the Court hold in abeyance the current briefing schedule until Plaintiffs' motion for leave is adjudicated.

Respectfully submitted,

_____
Phillip Kim, Esq.

cc:   A. Robert Pietrzak, Esq. (by email: rpietrzak@sidley.com)
      Joel M. Mitnick, Esq. (by email: jmitnick@sidley.com)

3

THE ROSEN LAW FIRM, P.A. ♦ 275 MADISON AVENUE, 34TH FLOOR ♦ NEW YORK, NY 10016 ♦ TEL: (212) 686-1060 ♦ FAX: (212) 202-3827